**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3307-16T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MAURICE HIGHLAND,

    Defendant-Appellant.

_____

Submitted June 4, 2018 — Decided June 12, 2018

Before Judges Whipple and Rose.

On appeal from Superior Court of New Jersey,
Law Division, Bergen County, Indictment No.
12-04-0584.

Joseph E. Krakora, Public Defender, attorney
for appellant (Monique Moyse, Designated
Counsel, on the brief).

Dennis Calo, Acting Bergen County Prosecutor,
attorney for respondent (Justin Blasi, Special
Deputy Attorney General/Acting Assistant
Prosecutor, of counsel and on the brief).

PER CURIAM

    This matter returns to us after a remand to the Law Division

for an evidentiary hearing on defendant Maurice Highland's

petition for post-conviction relief ("PCR"). State v. Highland,

No. A-742-15 (App. Div. Oct. 17, 2016). On remand, the court conducted a hearing and denied PCR. On appeal, defendant renews his claim that plea counsel provided incorrect legal advice, leading to his guilty plea to first-degree robbery. Having considered the record developed at the evidentiary hearing, we affirm primarily for the reasons stated in the cogent written opinion of the PCR judge. We add the following remarks.

We incorporate by reference the facts and procedural history set forth in our October 17, 2016 sua sponte order. In sum, in April 2011, defendant was one of four participants in a jewelry store robbery in Wyckoff. Pertinent to this appeal, one of the participants was armed with a sledgehammer, which he used to shatter the display cases. Defendant prevented the occupants of the store from leaving while two of his accomplices removed jewelry from the cases.

Although he was charged in a fifteen-count indictment, including five counts of first-degree robbery as an accomplice, N.J.S.A. 2C:2-6 and N.J.S.A. 2C:15-1, defendant pled guilty to one count of first-degree robbery as an accomplice, and third-degree resisting arrest, N.J.S.A. 2C:29-2(a)(3)(a). He was sentenced to an aggregate fourteen-year prison term, subject to the No Early Release Act, N.J.S.A. 2C:43-7.2. During the plea hearing, defendant acknowledged he was extended-term eligible because of

his criminal record. Defendant further acknowledged he was relinquishing his right to have defense motions decided by the court, including his motion to dismiss the robbery counts for insufficient evidence to sustain first-degree charges.

On October 23, 2013, we denied defendant's direct appeal, which was limited to the adequacy of the factual basis for his guilty plea, and the sentence imposed. State v. Highland, A-5544-12 (App. Div. Oct. 23, 2013). On June 5, 2014, the Supreme Court denied certification. State v. Highland, 217 N.J. 623 (2014).

On June 9, 2015, the judge denied PCR. In our sua sponte order remanding the matter for a hearing we framed the issue raised by defendant as follows:

> [D]efendant filed a PCR petition asserting ineffective assistance of counsel because of his lawyer's alleged failure to explain the State's burden to prove the sledgehammer was used in a threatening and menacing manner, not simply to break the display case. In his supporting certification, defendant stated:
>
> > Before entering the guilty plea in this case, I spoke with my attorney about the charges against me. I emphasized to him that I was never in possession of the hammer [and] that it was never my intent that the hammer be used to cause or threaten harm to anyone in the store. The only reason that the hammer was even brought into the store was to break the glass.

> My attorney told me that it did not matter why the hammer was brought or how it was intended to be used. [Counsel advised] that the hammer itself was a deadly weapon and therefore the robbery was considered a first[-]degree crime. I was never told that [I could argue] to a jury that the crime was only a second[-]degree crime if [my] intent was not to cause harm or threaten to cause harm.

> [alterations in original.]

We, therefore, found defendant had established a prima facie claim of ineffective assistance of counsel, and a hearing was necessary "to determine what his plea counsel advised in regard to the grading of his offense." Specifically, "[i]f defendant's lawyer told him his or his co-defendants' intended use of the sledgehammer was irrelevant, such advice was patently incorrect." See State v. Rolan, 199 N.J. 575, 583 (2009) (recognizing that the actor's intent determines whether the item used is a "deadly weapon" when the item has other legitimate uses).

On January 3, 2017, defendant and his former attorney testified at the evidentiary hearing. Their testimony varied sharply regarding plea counsel's legal advice regarding use of the sledgehammer as a deadly weapon.

At the time of the hearing, plea counsel was employed by the Public Defender's Office and had been practicing criminal defense

law for thirty-five years. He recalled discussing with defendant "whether or not a jury would construe a sledgehammer to be a weapon for purposes of the armed robbery statute." In particular, counsel informed defendant the jury would determine "whether or not they found proof beyond a reasonable doubt that [defendant] and his co-defendants possessed the sledgehammer for more than just smashing the jewelry cases." He testified further, "I'm sure that I told him that it would have to be determined by the manner in which [the sledgehammer] was used primarily and the perceptions of the people who were the victims of the crime."

Plea counsel also testified about his discussion with defendant regarding his complicity in the offense based on

> the circumstances of the case where he went in there with two other people, started smashing . . . the display cases and people were being dragged around the store by their hair and screaming and things like that and being locked in rooms, I thought that there was a good chance that . . . the actions of the other defendants would be imputed to him since they all arrived in the car together and fled together that they were acting together.

Conversely, defendant denied discussing accomplice liability with his former attorney. Rather, he claimed "We didn't discuss really anything, he told me that the hammer was a deadly weapon and he told me it did not matter who had the hammer."

On January 4, 2017, the trial judge issued a written opinion soundly recognizing defendant's claims lacked merit. Among other things, the judge credited counsel's recollection that "he and the defendant reviewed the discovery and the strength and weaknesses of the defendant's case in detail [as] more credible than the defendant's claim that he was given incorrect legal advice."

Our review of a PCR claim after a court has held an evidentiary hearing "is necessarily deferential to [the] PCR court's factual findings based on its review of live witness testimony." State v. Nash, 212 N.J. 518, 540 (2013); see also State v. O'Donnell, 435 N.J. Super. 351, 373 (App. Div. 2014) ("If a court has conducted an evidentiary hearing on a petition for PCR, we necessarily defer to the trial court's factual findings."). Where an evidentiary hearing has been held, we should not disturb "'the PCR court's findings that are supported by sufficient credible evidence in the record.'" State v. Pierre, 223 N.J. 560, 576 (2015) (quoting Nash, 212 N.J. at 540). We review any legal conclusions of the trial court de novo. Nash, 212 N.J. at 540-41; State v. Harris, 181 N.J. 391, 419 (2004).

"[A] defendant asserting ineffective assistance of counsel on PCR bears the burden of proving his or her right to relief by a preponderance of the evidence." State v. Gaitan, 209 N.J. 339, 350 (2012). A defendant must prove counsel's performance was

deficient; it must be demonstrated that counsel's handling of the matter "fell below an objective standard of reasonableness" and that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland v. Washington, 466 U.S. 668, 687-88 (1984); State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-part test in New Jersey).

A defendant must also prove counsel's "deficient performance prejudiced the defense." Strickland, 466 U.S. at 687. Prejudice is established by showing a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Thus, petitioner must establish that counsel's performance was deficient and petitioner suffered prejudice in order to obtain a reversal of the challenged conviction. Id. at 687; Fritz, 105 N.J. at 52.

Here, the testimony adduced at the evidentiary hearing belies defendant's contention that plea counsel failed to render proper advice. We find nothing in the record to support defendant's assertion that counsel failed to advise him about "the State's burden to prove the sledgehammer was used in a threatening and menacing manner, not simply to break the display case." Further, as the PCR judge observed, counsel had filed a motion to dismiss

the indictment, which defendant knowingly withdrew when he entered his guilty plea.

We see no reason to disturb the PCR court's factual and credibility findings. Those findings are entitled to our deference. State v. Robinson, 200 N.J. 1, 15 (2009).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-3307-16T4